UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
|     DANIEL J. BERTKA ) | Case No. 09-13893-SSM |
|     SHERYL A. BERTKA ) | Chapter 7 |
| ) | |
|                 Debtors ) | |
| ) | |
| BANK OF AMERICA, N.A. ) | |
| ) | |
|                 Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| DANIEL J. BERTKA *et al*. ) | |
| ) | |
|                 Respondents ) | |

**MEMORANDUM OPINION**

A hearing was held on July 7, 2010, on the motion by Bank of America, N.A. for relief from the automatic stay in order to enforce a deed of trust against real property located at 13753 Maryann Lane, Sumerduck, Virginia. The debtors, who filed a response opposing the motion, were present in person and were represented by their attorney of record. The movant was present by counsel. The chapter 7 trustee did not file a response or appear at the hearing.

The debtors, Daniel J. Bertka and Sheryl A. Bertka, filed a voluntary petition in this court on May 16, 2009, for relief under chapter 7 of the Bankruptcy Code and received a discharge on November 9, 2009. Among the assets listed on their schedules was a single-family detached house located at 13753 Maryann Lane, Sumerduck, Virginia. The property is listed as being owned by the debtors as tenants by the entirety, and is valued on the schedules at $219,675,

subject to a first-lien deed of trust in favor of Bank of America in the amount of $253,895, a second-lien deed of trust in favor of National City in the amount of $99,827, and a third-lien deed of trust in favor of BB&T in the amount of $21,081.  The debtors' statement of intention stated that they intended to reaffirm the debt to Bank of America, as well as to National City and BB&T.

Bank of America filed the motion for relief from the automatic stay on June 2, 2010, alleging that the loan was 13 payments in arrears.  The debtors filed a written response denying that Bank of America would, as it asserted in the motion, suffer "irreparable injury, loss and damage" if it were not permitted to foreclose.  They further asserted that they "have been trying, in good faith, to negotiate a loan modification with the Plaintiff for almost a year," and that they "desire to satisfy the obligation owed to the Plaintiff; however, the Debtors are unable to do so without a modification of the loan terms."  At the hearing, Bank of America represented that the trustee consents to relief from the stay and has endorsed a proposed order so providing.

It may very well be that everyone's interest, including Bank of America's, would be promoted by a loan modification.  But the narrow issue before the court is not the desirability of such a modification or even whether Bank of America has failed to negotiate in good faith.  The issue, rather, is whether what remains of the automatic stay should be terminated, leaving the parties to their nonbankruptcy rights and remedies with respect to any foreclosure.  The automatic stay protects both the debtor and the bankruptcy estate.  It terminates, with respect to enforcement of prepetition liens against property of the debtor, when the debtor is granted or

denied a discharge. § 362(c)(2)(C), Bankruptcy Code.[1] To be sure, it continues with respect to enforcement of a lien against property of the estate until such time as the property ceases to be property of the estate. § 362(c)(1), Bankruptcy Code. The trustee, however, is the representative of the estate, and normally a debtor does not have standing to oppose relief from the stay with respect to the estate's interest in the property. *In re Najafian,* No. 09-18112, 2010 WL 1840300 (Bankr. E.D. Va., May 5, 2010) (citing *In re Sindram*, No. 08-00559, 2009 WL 361470 (Bankr. D. D.C. February 6, 2009)). Because the automatic stay has already terminated as a matter of law with respect to the debtor's interest in the property, and because the trustee does not oppose relief with respect to the estate's interest, what remains of the stay will be terminated. The court stresses, however, that termination of the stay merely recognizes that the property has no economic value to the bankruptcy estate; it does not constitute a determination that Bank of America is legally or equitably entitled to foreclose under the terms of its loan documents and applicable nonbankruptcy law and similarly is not an adjudication of any defenses the debtors may have to foreclosure. Accordingly, the debtors remain free to assert any such defenses in a court of appropriate jurisdiction.

A separate order will be entered upon presentation by the movant.

Date: _____       _____
                                                                Stephen S. Mitchell
Alexandria, Virginia                                   United States Bankruptcy Judge

---

[1] Although the automatic stay terminates when the discharge is granted, the discharge independently operates as an injunction against any attempt to collect the mortgage as a personal liability of the debtor. § 524(a)(2), Bankruptcy Code. However, a creditor's right to foreclose on a mortgage survives or passes through bankruptcy and may be enforced *in rem* against the property following discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991).

Copies to:

Eric D. White, Esquire
Samuel I. White, P.C.
1804 Staples Mill Rd, Suite 200
Richmond, VA  22230
Counsel for the movant

John Morgan, Esquire
John Carter Morgan Jr., PLLC
98 Alexandria Pike, Suite 10
Warrenton, VA   20186
Counsel for the debtors

Daniel J. Bertka
Sheryl A. Bertka
13753 Maryann Lane
Sumerduck, VA   22742-2006
Debtors

Richard A. Bartl, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
700 S. Washington St., Suite 216
Alexandria, VA  22314